

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL HIGGINS,          )
                          )
        Plaintiff,        )
                          )
    v.                    )   No. 06 C 7077
                          )
CONOPCO, INC., et al.,    )
                          )
        Defendants.       )
_____)
CONOPCO, INC., et al.,    )
                          )
        Third-Party Plaintiffs, )
                          )
    v.                    )
                          )
C.R. ENGLAND, INC.,       )
                          )
        Third-Party Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Third-Party Defendant C.R. England, Inc.'s ("England") motion to dismiss the amended third-party complaint. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Plaintiff Michael Higgins ("Higgins") alleges that he was a driver of a

1

commercial truck and that on October 9, 2006, he attempted to connect his truck to a loading bay in a facility ("Facility") owned and operated by Defendant Conopco, Inc. ("Conopco"). Defendants Unilever Supply Chain, Inc. ("Unilever") and Unilever Illinois Manufacturing, LLC ("Unilever Illinois") allegedly managed and maintained the loading docks at the Facility. Defendant V. Seng Teaming Co. ("Seng") allegedly provided spotters which gave on-site and local logistical support for the docking areas at the Facility. Defendant Overhead Garage Door, Inc. ("Overhead") allegedly was hired by Conopco to perform maintenance on the loading docks at the Facility.

Higgins contends that the Facility had a mechanism in each loading dock referred to as a "Dok-lok" ("Dok-lok") that needed to be operated in order to connect the truck with the dock. (TA Compl. Ct. I, Par. 16). Higgins contends that the Dok-lok he attempted to use was old, not properly maintained, and needed to be replaced. Higgins allegedly was unable to get the Dok-lok to engage. According to Higgins, he then walked to the dock ramp and the truck shifted back, causing Higgins to be pinned between the truck and the dock area. ("Accident"). Higgins brought the instant action in state court and the action was subsequently removed to federal court. In Higgins' third amended complaint, Higgins includes a negligence claim brought against Conopco (Count I), a negligence claim brought against Unilever (Count II), a negligence claim brought against Unilever Illinois (Count III), a negligence claim brought against Seng (Count IV), and a negligence claim brought

2

against Overhead (Count V).

Conopco, Unilever, and Unilever Illinois have also filed an amended third-party complaint against England. Third-Party Plaintiffs allege that in July 2003, Conopco entered into a transportation agreement with England ("Transportation Agreement"), under which England was obligated to provide transportation services to Conopco. Third-Party Plaintiffs further allege that England was the employer of Higgins and owned the truck that Higgins was operating at the time of the Accident. Third-Party Plaintiffs contend that Higgins was injured when making a delivery for England in accordance with the terms of the Transportation Agreement. Third-Party Plaintiffs also contend that, as part of the Transportation Agreement, England agreed to carry and make available liability insurance. England also allegedly agreed to defend, indemnify, and hold Conopco harmless for any harm in regard to services that fall within the scope of the Transportation Agreement. Third-Party Plaintiffs include in their amended third-party complaint a breach of contract claim (Count I), and a contribution claim (Count II). England moves to dismiss the amended third-party complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most

favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal

4

pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

### I. Breach of Contract Claim (Count I)

England argues that we should dismiss the breach of contract claim since the Transportation Agreement is not a valid contract and that its terms should be construed in England's favor. England also argues that the Transportation Agreement never went into effect under its own terms. In addition, England argues that even if the Transportation Agreement was valid and went into effect, the Accident was not covered under the agreement.

#### A. Validity of Transportation Agreement

England argues that the Transportation Agreement was not a valid contract since there was no offer, acceptance, or consideration to support the agreement. A Rule 12(b)(6) motion is proper motion to contest whether a plaintiff has pled a valid claim, not to assess whether the plaintiff's claim is meritorious. Fed. R. Civ. P.

5

12(b)(6); *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923-24 (7th Cir. 2007)(stating that [d]ismissal under Rule 12(b)(6) is reserved for complaints that do not state legally cognizable claims" and that "the possibility that facts to be adduced later, and consistent with the complaint, could prove the claim, is enough for the litigation to move forward"). A plaintiff is merely required to provide a defendant with sufficient notice of the claim being brought against the defendant. *Lucien*, 967 F.2d at 1168.

In the instant action, Third-Party Plaintiffs allege that Conopco entered into the Transportation Agreement with England. (ATC Ct. I, Par. 1). Third-Party Plaintiffs further allege that the Accident occurred when Higgins was making a delivery in accordance with the Transportation Agreement and that under the terms of the agreement, England was obligated to defend and indemnify Conopco. (ATC Ct. I, Par. 1-3, 11, 13). Third-Party Plaintiffs claim that Conopco asked England to provide a defense in the instant action and that England breached its obligations under the Transportation Agreement by refusing the request. (ATC Par. 14-16). Such allegations are sufficient to put England upon notice of the breach of contract claim being brought against it. *See Local 15, Intern. Broth. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007)(stating that "[n]otice pleading requires only that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief'")(quoting in part Fed. R. Civ. P. 8(a)(2)).

Third-Party Plaintiffs' allegations concerning England's alleged breach of the Transportation Agreement provide sufficient detail and are not based upon pure speculation or legal generalizations. If accepted as true, Third-Party Plaintiffs' allegations plausibly suggest liability on the part of England. *Thompson*, 300 F.3d at 753; *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)(stating that "[t]aking *Erickson* and *Twombly* together, [the Court] understands the [U.S. Supreme Court] to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8"). Third-Party Plaintiffs correctly point out that England's argument that there was not an offer, acceptance, and consideration to support the Transportation Agreement delves into the merits of Conopco's claims. (Ans. 5). Whether or not the evidence will show that there was an offer, acceptance, and consideration to support the formation of the Transportation Agreement requires an inquiry beyond the scope of the complaint and is improper to consider at this stage of the proceedings. Thus, England's arguments concerning whether the Transportation Agreement was valid and enforceable are premature at this juncture.

### B. Allegations of Elements of Claim

England also argues that Third-Party Plaintiffs are required to allege the consideration that supported the Transportation Agreement and to allege the facts

regarding the offer and acceptance that formed the agreement. Third-Party Plaintiffs correctly point out that they are not required to allege such facts under the federal pleading standard. (Ans. 4). As stated above, under the federal notice pleading standard, a plaintiff is not required to plead facts that match the elements of the claim. *Sanjuan*, 40 F.3d at 251; *See also Christensen v. County of Boone, IL*, 483 F.3d 454, 466 (7th Cir. 2007)(stating that "[w]hen state and federal practice differ, federal rules adopted under the Rules Enabling Act prevail" and that "[t]his means, in particular, that when federal courts entertain claims under state law-whether under the diversity jurisdiction of 28 U.S.C. § 1332 or, as here, the supplemental jurisdiction of 28 U.S.C. § 1367-it is not necessary to plead facts matching elements of legal theories"). As indicated above, Third-Party Plaintiffs have pled adequate facts surrounding their claims. Third-Party Plaintiffs did not plead facts that negate the possibility that the Transportation Agreement was valid and enforceable. *See Vincent*, 485 F.3d at 924 (indicating that a plaintiff can "plead[] himself out of court by making allegations sufficient to defeat the suit"). Third-Party Plaintiffs are not obligated to include in their amended complaint every factual detail concerning the elements of their claims, such as the offer, acceptance, and consideration for the Transportation Agreement. *Id.* (stating that "Civil Rule 8 calls for a short and plain statement").

### C. Interpretation of Terms of Agreement

England also argues that the terms of the Transportation Agreement should be interpreted in its favor since the contract involves an indemnity agreement, which is disfavored under the law. The interpretation of the terms of the Transportation Agreement will be necessary to resolve the merits of the breach of contract claim, but is not pertinent to assess whether Third-Party Plaintiffs have stated a valid breach of contract claim. The motion to dismiss stage is not the proper juncture for contract interpretation and the Seventh Circuit has recognized that the "interpretation of a written contract . . . is particularly amenable to summary judgment. . . ." *Automation By Design, Inc. v. Raybestos Products Co.*, 463 F.3d 749, 753 (7th Cir. 2006). Thus, England's arguments concerning whether the Transportation Agreement is valid and enforceable and concerning the interpretation of the terms of the agreement are premature at this juncture.

### D. Whether the Agreement Went into Effect

England argues that the Transportation Agreement never went into effect because, under the terms of the agreement, it was to be "effective upon execution by the parties. . . ." (TA Par. 1.1). England also argues that the Transportation is deficient since it does not specify any rates or charges. England claims that Third-Party Plaintiffs have failed to attach a copy of the Transportation Agreement signed by the parties to the agreement. England also argues that the execution requirement could only be waived in writing and the provisions concerning rates or charges could

9

only be modified in writing and that Third-Party Plaintiffs have not produced any written waiver or modification. (TA Par. 11.1, 32.1, 32.2). According to England, since no signed Transportation Agreement, waiver, or modification was attached to the amended third-party complaint, the claims should be dismissed. The arguments presented by England are not appropriate for a Rule 12(b)(6) motion to dismiss. In ruling on a Rule 12(b)(6) motion to dismiss, a court can only consider the complaint, instruments attached to a complaint, and instruments referred to in the complaint that are central to the claims in the complaint. *See Exelon Corp.*, 495 F.3d at 782 (stating that "[a]ny written instrument, such as an arbitration award, that is attached to a complaint is considered part of that complaint"); *Continental Cas. Co. v. American Nat. Ins. Co.*, 417 F.3d 727, 731 n.2 (7th Cir. 2005)(stating that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim"). In the instant action, nothing required Third-Party Plaintiffs to attach a signed copy of the Transportation Agreement to the third-party complaint or written waivers or modifications of the agreement. Third-Party Plaintiffs were only required to plead factual allegations to support their claim, which they did. Third-Party Plaintiffs, in fact, disagree with England's version of the facts and argue that the parties did sign and execute the Transportation Agreement and did agree to modify the agreement. (Ans. 9). Whether or not a signed Transportation Agreement exists or whether the parties agreed to modify the agreement involves an inquiry beyond the pleadings.

Thus, England's argument that Transportation Agreement never went into effect is premature at this juncture.

### E. Coverage of Agreement

England argues that even if the Transportation Agreement was valid and was executed, the delivery by Higgins might have been beyond the scope of the Transportation Agreement. England contends that the Transportation Agreement only covers deliveries for which Conopco acted as the shipper. England criticizes Third-Party Plaintiffs for not expressly alleging that Higgins was shipping goods for Conopco when the Accident occurred. We note that England does not contend that the delivery was being made for a shipper other than Conopco. England merely seeks a dismissal based upon the technicality that such a fact does not appear in the amended third-party complaint. Third-Party Plaintiffs, for their part, assert unequivocally in their answer to the motion to dismiss that Conopco was the shipper for the delivery made by Higgins. (Ans. 13). Regardless, the motion to dismiss stage is not the proper juncture to analyze factual disputes between the parties. Third-Party Plaintiffs are not required to plead facts in anticipation of defeating England's defenses in order to state a valid claim and thus Third-Party Plaintiffs were not required to allege that Conopco was the shipper for the delivery made by Higgins. *Exelon Corp.*, 495 F.3d at 782 (stating that "[n]otice pleading requires only that a complaint contain 'a short and plain statement of the claim showing that the

pleader is entitled to relief'")(quoting in part Fed. R. Civ. P. 8(a)(2)); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)(stating that "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss"). Third-Party Plaintiffs have not alleged any facts that would show that the delivery made by Higgins was not covered by the Transportation Agreement. Whether Higgins was making a delivery for Conopco and whether the delivery was covered under the Transportation Agreement involves an inquiry beyond the pleadings and is improper to consider at this juncture. At the summary judgment stage, England will have the opportunity to provide evidence if England believes that Higgins was not delivering goods for Conopco and that the delivery was not within the scope of the Transportation Agreement.

## II. Contribution Claim (Count II)

England argues that Third-Party Plaintiffs have not pled a valid claim for contribution. England argues that the request for contribution is based upon the premise that the Transportation Agreement, which contains an indemnity provision, is valid and enforceable. England contends that since the Transportation Agreement is unenforceable, the contribution claim must fail. However, as stated above, it is premature at this juncture to assess whether the Transportation Agreement is a valid and enforceable agreement since it involves an evaluation of the evidence beyond the pleadings in this case. Therefore, we deny the motion to dismiss the contribution

12

claim (Count II).

III. Proper State Law

We also note that the parties disagree as to which state law governs the merits of the claims in the amended third-party complaint. England bases its arguments on Illinois state law, (Mot. 6), and Third-Party Plaintiffs argue that under the terms of the Transportation Agreement, any contractual dispute is to be governed by New York law. (Ans. 5). We need not resolve this dispute at this juncture since, as is explained above, England's motion to dismiss cannot succeed based upon the federal pleading standard. State law will only become relevant when assessing the merits of Third-Party Plaintiffs' claims at the summary judgment stage. Therefore, it would be premature to resolve the state law issue at this juncture based upon the limited record and arguments presented by the parties. Based on all of the above, we deny the motion to dismiss in its entirety.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 23, 2008